IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CELSO GUTIERREZ SANCHEZ**

        **Petitioner,**

vs.                                         NO. CIV-10-413 WJ/WDS

**UNITED STATES OF AMERICA**

        **Respondent**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Celso Gutierrez Sanchez's ("Petitioner") Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody with accompanying brief ("Motion") filed on April 28, 2010, [Doc. Nos. 1, 2], and the United States of America's ("Respondent") Response filed June 10, 2010 [Doc. No. 9]. Having reviewed the Motion, the Response, the record, and the law, this Court recommends that Petitioner's Motion be denied. Because the issues are resolved on the pleadings and the record establishes conclusively that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. 28 U.S.C. §2255; *Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000).

### CLAIMS

Reading Petitioner's *pro se* Motion liberally, *see Price v. Philpot,* 420 F.3d 1158, 1162 (10th Cir. 2005), Petitioner appears to raise four claims as grounds for federal habeas review: (1) his status as a deportable alien places him in a more restrictive status of confinement because he is not able to participate in certain pre-release programs, which is a violation of the United States Constitution;

(2) Petitioner's ineligibility for certain programs constitutes a mitigating factor in sentencing, entitling him to a downward departure; (3) ineffective assistance of counsel because Petitioner's counsel did not raise his ineligibility for certain programs as a mitigating factor at sentencing; (4) Petitioner is subject to a disparate sentence either because the District of New Mexico does not have an early disposition program or if there is one, Petitioner was not permitted to participate in it.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2008, Petitioner Celso Gutierrez Sanchez and Julio Hidalgo-Yanez were charged via a criminal complaint with Possession with Intent to Distribute 500 Grams and More of Cocaine. Document 1.[1]  On December 18, 2008, a federal grand jury returned a two-count indictment charging the defendants with Conspiracy in violation of 21 U.S.C. §846 and Possession with Intent to Distribute 500 Grams and More of Cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B) and 18 U.S.C. §2. Document 22.  On January 15, 2009 an order was entered allowing the withdrawal of Attorney James Baiamonte and substituting Attorney Mario A. Esparza as counsel for Petitioner. Document 35.  On April 17, 2009, pursuant to an agreement with the government, Petitioner pled guilty to Count 1 of the indictment, Conspiracy to Possess with Intent to Distribute 500 Grams and More of Cocaine. Document 60. On July 29, 2009, the Court sentenced Petitioner to a term of imprisonment of 46 months. Document 67.  The Court entered its judgment on July 31, 2009. Document 69. Petitioner did not appeal his sentence.  On April 28, 2010, Petitioner filed a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. No. 1].

---

[1]All references to "Document" are referencing documents filed in No. 08-CR-2935 WJ.

Petitioner's Claims

Claim One: Petitioner's Status as a Deportable Alien Places Him in a More Restrictive Status of Confinement Which Violates the Equal Protection Clause of the United States Constitution.

Petitioner claims that as a deportable alien, he is denied the benefits of certain pre-release programs[2] available to the general population, which is a violation of the Equal Protection Clause of the United States Constitution. [Doc. Nos. 1, 2].

Petitioner's Equal Protection claim concerns the execution of Petitioner's sentence, not the imposition of it, and, accordingly, it is properly brought under 28 U.S.C. §2241, not 28 U.S.C. §2255. *United States v. Tamayo,* 162 Fed.Appx. 813, 815-16 (10th Cir. 2006). Therefore, this Court will treat Petitioner's Motion, in part, as a §2241 habeas petition. *Id.* (*citing Santillanes v. United States Parole Comm'n,* 754 F.2d 887, 888 n.1 (10th Cir. 1985)).

A petition brought under 28 U.S.C. §2241 must be filed in the district where the prisoner is confined. *Id. Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).* At the time of the filing of Petitioner's Motion, Petitioner was housed at G. W. Dalby Correctional Facility in Post, Texas. [Doc. No. 1]. Petitioner filed his Motion in the District of New Mexico, which lacks jurisdiction to rule on the merits of his §2241 claim.

When a jurisdictional defect arises in a suit that is filed in the wrong federal district, the district court may cure the defect by transferring the case. Under 28 U.S.C. §1631, a court is required to transfer an action when "a transfer is in the interest of justice." *Haugh v. Booker,* 210 F.3d at 1150. However, a court may consider the consequences of a transfer "by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring

---

[2]In his Motion, Petitioner references the following programs: B.O.P. drug programs (500 hours), early release, and community confinement programs. [Doc. No. 1, p. 4].

a case which is clearly doomed." *Id.*

After "taking a peek" at Petitioner's claim, this Court concludes that it is without merit. As the Tenth Circuit stated in *Tamayo*, "[t]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." *Tamayo,* 162 Fed.Appx. at 816 (citations omitted). The Tenth Circuit noted that a rational basis exists to "deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement." *United States v. Tamayo,* 162 Fed. Appx. at 816. Courts that have considered claims similar to Petitioner's have reasoned that denying deportable aliens the opportunity to participate in certain programs does not violate equal protection. *See, e.g., id.; Lizarraga-Lopez v. United States,* 89 F.Supp.2d 1166, 1169 (S.D.Cal. 2000); *Asencion v. United States,* 2007 WL 1139412 at *1 (D.Utah 2007). Petitioner's argument that his ineligibility for certain programs is a violation of the United States Constitution is without merit, and this Court recommends that it be dismissed.

<u>Claim Two: Petitioner's Ineligibility for Certain Programs Constitutes a Mitigating Factor in Sentencing, Entitling Petitioner to a Downward Departure.</u>

Liberally construed, Petitioner contends that his ineligibility for certain programs constitutes a mitigating factor in sentencing, entitling him to a downward departure under the sentencing guidelines. In *United States v. Tamayo*, 162 Fed.Appx. at 815, the Tenth Circuit rejected Petitioner's argument. The Tenth Circuit noted that privileges like pre-release programs are 'collateral consequences' of a defendant's deportable alien status and held that a "[Defendant's] request for a downward departure based on the 'collateral consequences' of his status as a deportable alien has been foreclosed . . . ." *Id. See also Asencion v. United States,* 2007 WL 1139412 at *1 (D. Utah April 17, 2007). Under this ruling, Petitioner's claim should be denied.

Claim Three: Ineffective Assistance of Counsel

By liberally reading Petitioner's Motion and Brief, and reading Petitioner's Claim One and Two together, it appears that Petitioner is alleging that his counsel, Mario Esparza, was constitutionally ineffective because he failed to raise the argument that Petitioner's status as a deportable alien subjected him to more restrictive confinement regarding his denial of participation in certain programs and thereby was a mitigating factor, entitling him to a downward departure.[3] The merits of an ineffectively counsel claim are governed by *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court devised a two-step inquiry to determine whether an attorney's performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced his defense. *See Foster v. Ward,* 182 F.3d 1177, 1184 (10th Cir. 1999), *cert. denied,* 529 U.S. 1027 (2000). To establish deficient performance, Petitioner must show that his attorney made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor,* 529 U.S. 362, 390 (2000) (*quoting Strickland v. Washington*, 466 U.S. at 687), and that his legal representation fell below an objective standard of reasonableness. *Strickland v.*

---

[3]In Petitioner's Motion and Brief, Petitioner makes the conclusory statements that his counsel was ineffective "by lack of diligence to investigate all the material" surrounding his case [Doc. No. 1 p. 5]; that "never, the conduct and procedures of [counsel] constitute any sound of trial strategy" [Doc. No. 2, p. 6]; and that the "duty to examine discovery material" is fundamental. [Doc. No. 2, p. 7]. The only fact that Petitioner alleges to support the above statements is counsel's failure to raise the issue that his ineligibility for certain programs constitutes a mitigating factor entitling him to a downward departure. This argument is discussed *supra.* Because Petitioner fails to raise any other factual basis for his contentions, this Court cannot address them. This Court does note, however, that a review of the record indicates that counsel acted reasonably.

5

*Washington,* 466 U.S. at 688. To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Petitioner's ineffective assistance of counsel argument fails.  As discussed, *supra,* in *United States v. Tamayo*, 162 Fed. Appx. at 815-816, the Tenth Circuit noted that privileges like pre-release programs are 'collateral consequences' of a defendant's deportable alien status and held that a "[Defendant's] request for a downward departure based on the 'collateral consequences' of his status as a deportable alien has been foreclosed . . . ." *Id. See also Asencion v. United States,* 2007 WL 1139412 at *1 (D. Utah April 17, 2007). Consequently, Petitioner has failed to show that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.  Nor can this Court say that Petitioner's counsel acted unreasonably. Attorneys are not expected to make meritless arguments. *Martin v. Kaiser,* 907 F.2d 931, 936 (10th Cir. 1990) (*citing Strickland,* 466 U.S. at 691, 696).  Because such an argument would have failed on the merits, Petitioner also fails to demonstrate prejudice.  This Court recommends that this claim be denied.

<u>Claim Five: Petitioner is Subject to a Disparate Sentence Either Because the District of New Mexico Does not Have an Early Disposition Program or If a Program Exists, He was not Permitted to Participate in It.</u>

Petitioner appears to argue that a disparity exists in his sentence either because he is in a district without an early disposition program (also known as a fast-track program) or that if there is a program, he was not permitted to be a part of it.  In 2003 Congress authorized the Attorney General to create early disposition programs for immigration offenses on a district-by-district basis throughout the country.  *See* Prosecutorial Remedies and Other Tools To End the Exploitation of

Children Today ("PROTECT"), Pub.L.No. 108-21, §401(m)(2)(B), 117 Stat. 650, 675 (2003). Following the passage of the PROTECT Act, the Attorney General established fast-track programs for immigration offenses in certain judicial districts. *United States v. Martinez-Trujillo,* 468 F.3d 1266, 1267 (10th Cir. 2006). The District of New Mexico is one of them. *U.S. v. Morales-Chaires,* 430 F.3d 1124, 1127 fn. 1 (10th Cir. 2005).

Petitioner was ineligible for a fast-track offer because the offense he was convicted of was a narcotics trafficking offense, not an immigration offense. Petitioner received the same treatment as other defendants who have been convicted of narcotics trafficking offenses. Because Petitioner was not convicted of an immigration offense, his argument fails and this claim should be denied.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied on the merits and dismissed with prejudice.

## NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**