IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CELSO GUTIERREZ SANCHEZ**

        **Petitioner,**

vs.                                                            **NO. CIV-10-413 WJ/WDS**

**UNITED STATES OF AMERICA**

        **Respondent**

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD") entered November 30, 2010. [Doc. 18]. Petitioner filed his Objections to the PF&RD on December 17, 2010. [Doc. 19]. Having considered *de novo* Petitioner's Objections, this Court finds that the objections lack a sound basis in law and fact. Accordingly, the Court will adopt the Magistrate Judge's PF&RD; deny Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; and dismiss this case with prejudice.

In his Objections, Petitioner contends that the Magistrate Judge found that Petitioner was required to file his entire action pursuant to 28 U.S.C. §2241 and that such a requirement was incorrect. This Court's reading of the PF&RD shows that the Magistrate Judge found that only the Petitioner's first claim should have been filed pursuant to Section 2241.[1] Despite this finding, the Magistrate Judge considered the claim and found it to be without merit. This Court agrees and finds that Petitioner's objection is not well taken.

---

[1] Petitioner's first claim reads: "Whether, Movant status of deportable alien unnecessary place him in a more restrictive status of confinement and denies him the benefits from "B.O.P." drug program (500 hours), early release, and community confinement program that otherwise available to the general population." [Doc. 1, p. 4].

Petitioner also contends that his ineffective assistance of counsel claim is his main claim and that the Magistrate Judge misunderstood his claim. The only facts alleged by Petitioner in any of his pleadings are facts already considered in the PF&RD. I agree with and adopt the Magistrate Judge's findings regarding this claim. In his Objections, Petitioner makes additional statements regarding his ineffective assistance of counsel claim. He states that his attorney did not provide him with the assistance to which he is entitled, that there was "attorney indifference" and "inadequate preparation," and that an attorney has a duty to make a reasonable investigation and/or raise meritorious claims. [Doc. 19]. However, no facts other than those outlined in the PF&RD are provided to support these statements. Although a *pro se* litigant's pleadings are liberally construed, Petitioner is not relieved of the burden of alleging sufficient facts on which a recognized legal claim can be based, and conclusory allegations will not suffice. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim); *see also Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) ("[N]aked allegations are not cognizable..."). Because this Court finds that the above statements are vague and conclusory, they are insufficient to state a valid claim for ineffective assistance of counsel.

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition entered November 30, 2010, [Doc. 18], is adopted by this Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is denied.

**IT IS FURTHER ORDERED** that this case is dismissed with prejudice and that a final judgment be entered concurrently with this Order.

_____
**UNITED STATES DISTRICT JUDGE**